```
Daniel S. Carlineo, Esq. (State Bar No. 197889)
CARLINEO, SPICER & KEE LLC
2003 S. Easton Road, Suite 208
Doylestown, Pennsylvania 18901
Telephone: (267) 880-1722
Facsimile: (267) 880-1721
Email: dcarlineo@csk-iplaw.com

Todd C. Theodora, Esq. (State Bar No. 120426)
Stephen D. Weisskopf, Esq. (State Bar No. 213596)
Walter Peña, Esq. (State Bar No. 247469)
THEODORA ORINGHER MILLER & RICHMAN PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201
Email: ttheodora@tocounsel.com
       sweisskopf@tocounsel.com
       wpena@tocounsel.com

Attorneys for Plaintiff
V-DOT TECHNOLOGIES LLC
```

COPY

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 27 2010

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V-DOT TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ACER, INC., ACER AMERICA CORP., ACER AMERICAN HOLDING CORP., GATEWAY, INC., AND HEWLETT-PACKARD CO., <br><br> Defendants. | Case No. CV10-6436 CAS(CWX) <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Discovery Cutoff:  None Set <br> Motion Cutoff:     None Set <br> Trial Date:        None Set |

*COMPLAINT FOR PATENT INFRINGEMENT*

# COMPLAINT

Plaintiff V-DOT Technologies LLC ("V-DOT" or "Plaintiff"), brings this action against Defendants Acer, Inc., Acer America Corp., Acer American Holding Corporation, Gateway, Inc., and Hewlett-Packard Co. (collectively, "Defendants"), and for its causes of action alleges:

## THE PARTIES

1.  V-DOT is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 100 E. Ferguson, Suite 602B, Tyler, Texas 75702.

2.  Upon information and belief, Acer Incorporation is a company organized and existing under the laws of Taiwan with a principal place of business at 8F, 88, Sec.1, Hsin Tai Wu Rd., Hsichih, Taipei 221, Taiwan, R.O.C.

3.  Upon information and belief, Acer America Corporation is a company organized and existing under the laws of the State of California with a principal place of business at 333 West San Carlos St., Ste. 1500, San Jose, CA 95110.

4.  Upon information and belief, Acer America Holding Corporation (collectively, Acer Corporation, Acer America Corporation, and Acer America Holding Corporation shall be referred to as the "Acer Defendants") is a company organized and existing under the laws of the State of California with a principal place of business at 333 West San Carlos St., Ste. 1500, San Jose, CA 95110.

5.  Upon information and belief, Gateway, Incorporated ("Gateway") is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7565 Irvine Center Drive, Irvine, CA, 92618.

6.  Upon information and belief, Hewlett-Packard Company, ("Hewlett-Packard") is a company organized and existing under the laws of the State of Delaware with a principal place of business at 3000 Hanover St., Palo Alto, CA 94304.

## JURISDICTION

7.  This is an action for infringement of several United States patents. This

COMPLAINT FOR PATENT INFRINGEMENT

Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because such an action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 et seq. Upon information and belief, the Court has personal jurisdiction over the Defendants in that each Defendant has established minimum contacts with the forum. The exercise of jurisdiction over said Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), 1391(c), 1391(d) and 1400(b). Upon information and belief, each Defendant has transacted business in this district or has committed, contributed to, and/or induced others to commit acts of patent infringement in this district.

## INFRINGEMENT OF U.S. PATENT NO. 5,970,100

9. On October 19, 1999, United States Patent No. 5,970,100 ("the '100 patent"), which is entitled "System for controlling and shaping the spectrum and redundancy of signal-point limited transmission," was duly and legally issued.

10. Plaintiff V-DOT is the current owner of the '100 patent and has the exclusive right to enforce the '100 patent against Defendants.

11. Upon information and belief, Defendants have infringed and continue to infringe the '100 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of computer products, and inducing and contributing to the infringement of the '100 patent by others. Defendants have also been given notice of their respective infringement of the '100 patent prior to the filing of this Complaint. Defendants are therefore liable for infringement of the '100 patent pursuant to 35 U.S.C. § 271.

12. By way of example, the Acer Defendants infringe the '100 patent through the sale of and with respect to the Aspire 5735 model computer. The Acer Defendants sell other products which infringe the '100 patent, and those products will be specifically identified in discovery.

13. By way of example, Defendant Gateway infringes the '100 patent through the sale of and with respect to the M-153XL computer. Defendant Gateway sells other products which infringe the '100 patent, and those products will be specifically identified in discovery. Upon information and belief, one or more of the Acer Defendants acquired Defendant Gateway in 2007 and is also liable for the infringing conduct of Defendant Gateway.

14. By way of example, Defendant Hewlett-Packard infringes the '100 patent through the sale of and with respect to the Pavilion dv4 computer. Defendant Hewlett-Packard sells other products which infringe the '100 patent, and those products will be specifically identified in discovery.

15. Defendants' acts of infringement of the '100 patent have caused damage to V-DOT, and V-DOT is entitled to recovery from Defendants the damages sustained by V-DOT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

16. Upon information and belief, Defendants' infringement of the '100 patent is willful and deliberate, entitling V-DOT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 6,332,009

17. On December 28, 2001, United States Patent No. 6,332,009 ("the '009 patent"), which is entitled "Method and apparatus for generating a line impairment learning signal for a date communication system," was duly and legally issued.

18. Plaintiff V-DOT is the current owner of the '009 patent and has the exclusive right to enforce the '009 patent against Defendants.

19. Upon information and belief, Defendants have infringed and continue to infringe the '009 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of computer products, and inducing and contributing to the infringement of the '009 patent by others. Defendants have also been given notice of their respective infringement of the '009 patent prior to the filing of this Complaint.

Defendants are therefore liable for infringement of the '009 patent pursuant to 35 U.S.C. § 271.

20.  By way of example, the Acer Defendants infringe the '009 patent through the sale of and with respect to the Aspire 5735 model computer. The Acer Defendants sell other products which infringe the '009 patent, and those products will be specifically identified in discovery.

21.  By way of example, Defendant Gateway infringes the '009 patent through the sale of and with respect to the M-153XL computer. Defendant Gateway sells other products which infringe the '009 patent, and those products will be specifically identified in discovery. Upon information and belief, one or more of the Acer Defendants acquired Defendant Gateway in 2007 and is also liable for the infringing conduct of Defendant Gateway.

22.  By way of example, Defendant Hewlett-Packard infringes the '009 patent through the sale of and with respect to the Pavilion dv4 computer. Defendant Hewlett-Packard sells other products which infringe the '009 patent, and those products will be specifically identified in discovery.

23.  Defendants' acts of infringement of the '009 patent have caused damage to V-DOT, and V-DOT is entitled to recovery from Defendants the damages sustained by V-DOT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

24.  Upon information and belief, Defendants' infringement of the '009 patent is willful and deliberate, entitling V-DOT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 6,504,886

25.  On January 7, 2003, United States Patent No. 6,504,886 ("the '886 patent"), which is entitled "Communication of an impairment learning sequence according to an impairment learning sequence descriptor," was duly and legally issued.

26.  Plaintiff V-DOT is the current owner of the '886 patent and has the

exclusive right to enforce the '886 patent against Defendants.

27. Upon information and belief, Defendants have infringed and continue to infringe the '886 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of computer products, and inducing and contributing to the infringement of the '886 patent by others. Defendants have also been given notice of their respective infringement of the '886 patent prior to the filing of this Complaint. Defendants are therefore liable for infringement of the '886 patent pursuant to 35 U.S.C. § 271.

28. By way of example, the Acer Defendants infringe the '886 patent through the sale of and with respect to the Aspire 5735 model computer. The Acer Defendants sell other products which infringe the '886 patent, and those products will be specifically identified in discovery.

29. By way of example, Defendant Gateway infringes the '886 patent through the sale of and with respect to the M-153XL computer. Defendant Gateway sells other products which infringe the '886 patent, and those products will be specifically identified in discovery. Upon information and belief, one or more of the Acer Defendants acquired Defendant Gateway in 2007 and is also liable for the infringing conduct of Defendant Gateway.

30. By way of example, Defendant Hewlett-Packard infringes the '886 patent through the sale of and with respect to the Pavilion dv4 computer. Defendant Hewlett-Packard sells other products which infringe the '886 patent, and those products will be specifically identified in discovery.

31. Defendants' acts of infringement of the '886 patent have caused damage to V-DOT, and V-DOT is entitled to recovery from Defendants the damages sustained by V-DOT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

32. Upon information and belief, Defendants' infringement of the '886 patent is willful and deliberate, entitling V-DOT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C.

1 § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,163,570

33. On December 19, 2000, United States Patent No. 6,163,570 ("the '570 patent"), which is entitled "Methods and apparatus for verifying transmit power levels in a signal point limited transmission system," was duly and legally issued.

34. Plaintiff V-DOT is the current owner of the '570 patent and has the exclusive right to enforce the '570 patent against Defendants.

35. Upon information and belief, Defendants have infringed and continue to infringe the '570 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of computer products, and inducing and contributing to the infringement of the '570 patent by others. Defendants have also been given notice of their respective infringement of the '570 patent prior to the filing of this Complaint. Defendants are therefore liable for infringement of the '570 patent pursuant to 35 U.S.C. § 271.

36. By way of example, the Acer Defendants infringe the '570 patent through the sale of and with respect to the Aspire 5735 model computer. The Acer Defendants sell other products which infringe the '570 patent, and those products will be specifically identified in discovery.

37. By way of example, Defendant Gateway infringes the '570 patent through the sale of and with respect to the M-153XL computer. Defendant Gateway sells other products which infringe the '570 patent, and those products will be specifically identified in discovery. Upon information and belief, one or more of the Acer Defendants acquired Defendant Gateway in 2007 and is also liable for the infringing conduct of Defendant Gateway.

38. By way of example, Defendant Hewlett-Packard infringes the '570 patent through the sale of and with respect to the Pavilion dv4 model computer. Defendant Hewlett-Packard sells other products which infringe the '570 patent, and those products will be specifically identified in discovery.

39. Defendants' acts of infringement of the '570 patent have caused damage to V-DOT, and V-DOT is entitled to recovery from Defendants the damages sustained by V-DOT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

40. Upon information and belief, Defendants' infringement of the '570 patent is willful and deliberate, entitling V-DOT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 6,570,932

41. On May 27, 2003, United States Patent No. 6,570,932 ("the '932 patent"), which is entitled "Calculation and verification of transmit power levels in a signal point transmission system," was duly and legally issued.

42. Plaintiff V-DOT is the current owner of the '932 patent and has the exclusive right to enforce the '932 patent against Defendants.

43. Upon information and belief, Defendants have infringed and continue to infringe the '932 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of computer products, and inducing and contributing to the infringement of the '932 patent by others. Defendants have also been given notice of their respective infringement of the '932 patent prior to the filing of this Complaint. Defendants are therefore liable for infringement of the '932 patent pursuant to 35 U.S.C. § 271.

44. By way of example, the Acer Defendants infringe the '932 patent through the sale of and with respect to the Aspire 5735 model computer. The Acer Defendants sell other products which infringe the '932 patent, and those products will be specifically identified in discovery.

45. By way of example, Defendant Gateway infringes the '932 patent through the sale of and with respect to the M-153XL computer. Defendant Gateway sells other products which infringe the '932 patent, and those products will be specifically identified in discovery. Upon information and belief, one or more of the Acer

Defendants acquired Defendant Gateway in 2007 and is also liable for the infringing conduct of Defendant Gateway.

46. By way of example, Defendant Hewlett-Packard infringes the '932 patent through the sale of and with respect to the Pavilion dv4 computer. Defendant Hewlett-Packard sells other products which infringe the '932 patent, and those products will be specifically identified in discovery.

47. Defendants' acts of infringement of the '932 patent have caused damage to V-DOT, and V-DOT is entitled to recovery from Defendants the damages sustained by V-DOT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

48. Upon information and belief, Defendants' infringement of the '932 patent is willful and deliberate, entitling V-DOT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,062,022

49. On June 13, 2006, United States Patent No. 7,062,022 ("the '022' patent"), which entitled "Method and apparatus for fast V.90 modem startup" was duly and legally issued.

50. Plaintiff V-DOT is the current owner of the '022 patent and has the exclusive right to enforce the '022 patent against Defendants.

51. Upon information and belief, Defendants have infringed and continue to infringe the '022 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of computer products, and inducing and contributing to the infringement of the '022 patent by others. Defendants have also been given notice of their respective infringement of the '022 patent prior to the filing of this Complaint. Defendants are therefore liable for infringement of the '022 patent pursuant to 35 U.S.C. § 271.

52. By way of example, the Acer Defendants infringe the '022 patent through the sale of and with respect to the Aspire 5735 model computer. The Acer Defendants

sell other products which infringe the '022 patent, and those products will be specifically identified in discovery.

53. By way of example, Defendant Gateway infringes the '022 patent through the sale of and with respect to the M-153XL computer. Defendant Gateway sells other products which infringe the '022 patent, and those products will be specifically identified in discovery. Upon information and belief, one or more of the Acer Defendants acquired Defendant Gateway in 2007 and is also liable for the infringing conduct of Defendant Gateway.

54. By way of example, Defendant Hewlett-Packard infringes the '022 patent through the sale of and with respect to the Pavilion dv4 computer. Defendant Hewlett-Packard sells other products which infringe the '022 patent, and those products will be specifically identified in discovery.

55. Defendants' acts of infringement of the '022 patent have caused damage to V-DOT, and V-DOT is entitled to recovery from Defendants the damages sustained by V-DOT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

56. Upon information and belief, Defendants' infringement of the '022 patent is willful and deliberate, entitling V-DOT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## IRREPARABLE HARM TO PLAINTIFF

57. V-DOT has been irreparably harmed by Defendants' infringement of its valuable patent rights. Moreover, Defendants' unauthorized, infringing use of systems and methods covered by the asserted patents has threatened the value of this intellectual property because Defendants' conduct results in V-DOT's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

58. Defendants' disregard for V-DOT's property rights similarly threatens V-DOT's relationships with the actual and potential licensees of this intellectual property.

Defendants will derive a competitive advantage over any of V-DOT's current or future licensees from using V-DOT's patented technology without paying compensation for such use. Accordingly, unless and until Defendants' continued acts of infringement are enjoined, V-DOT will suffer further irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, V-DOT prays for judgment against Defendants, granting V-DOT the following relief:

A. For judgment that Defendants have infringed and/or continue to infringe the '100 Patent, the '009 Patent, the '886 Patent, the '570 Patent, the '932 Patent, and the '022 Patent;

B. That this Court permanently enjoin the aforesaid acts of infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors, assigns, and attorneys, and those persons acting in concert or participation with the Defendants, including related individuals and entities, customers, representatives, OEMs, dealers, distributors, and importers;

C. That this Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Defendants' infringement;

D. That this Court enter an award to Plaintiff of such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

E. That this Court enter an award to Plaintiff for enhanced damages pursuant to 35 U.S.C. § 284;

F. That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs;

G. That this Court declare this case to be exceptional and direct Defendants to pay Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35

1 | U.S.C. § 285 or as otherwise permitted by law; and

2 |     H.    Grant to Plaintiff such other, further, and different relief as may be just and proper.

DATED: August 27, 2010

THEODORA ORINGHER MILLER & RICHMAN PC

By: *(signature)*
Todd C. Theodora
Attorneys for Plaintiff
V-DOT TECHNOLOGIES LLC

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, V-DOT demands a trial by jury for this action.

DATED: August 27, 2010

THEODORA ORINGHER MILLER & RICHMAN PC

By: *(signature)*
Todd C. Theodora
Attorneys for Plaintiff
V-DOT TECHNOLOGIES LLC

816289.1/02683.01001

Daniel S. Carlineo, Esq. (State Bar No. 197889)
CARLINEO, SPICER & KEE LLC
2003 S. Easton Road, Suite 208
Doylestown, Pennsylvania 18901

Todd C. Theodora, Esq. (State Bar No. 120426)
Stephen D. Weisskopf, Esq. (State Bar No. 213596)
Walter Peña, Esq. (State Bar No. 247469)
THEODORA ORINGHER MILLER & RICHMAN PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| V-DOT TECHNOLOGIES LLC,<br><br>        Plaintiff,<br>vs.<br>ACER, INC., ACER AMERICA CORP., ACER AMERICAN HOLDING CORP., GATEWAY, INC., AND HEWLETT-PACKARD CO.,<br><br>        Defendants. | **CV10-6436 CAS(CWX)** |
| | SUMMONS |

TO:

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __CARLINEO, SPICER & KEE LLC__, whose address is __2003 S. Easton Road, Suite 208, Doylestown, Pennsylvania 18901__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __8-27-10__    By: _____
                          Deputy Clerk
                       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]*

CV-01A (12/07)                               SUMMONS

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>V-DOT TECHNOLOGIES LLC | DEFENDANTS<br>ACER, INC., ACER AMERICA CORP., ACER AMERICAN HOLDING CORP., GATEWAY, INC., HEWLETT-PACKARD CO. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Please see Attachment A. | Attorneys (If Known)<br><br>Not known at this time. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331, 1338(a); 35 U.S.C. § 271 et seq. (Cause of Action for Patent Infringement)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☒ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

### CV10-6436 CAS(CWx)

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | V-DOT TECHNOLOGIES LLC., (TEXAS) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| GATEWAY, INC. (ORANGE COUNTY) | ACER, INC. (TAIWAN); ACER AMERICA CORP. (SANTA CLARA COUNTY); ACER AMERICAN HOLDING CORP. (SANTA CLARA COUNTY); HEWLETT-PACKARD CO. (SANTA CLARA COUNTY) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY (Each Defendant has transacted business in this district or has committed, contributed to, and/or induced others to commit acts of patent infringement in this district.) |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date __August 27, 2010__
   TODD C. THEODORA

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |